IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JANE DOE    PLAINTIFF

v.    Cause No. 3:12-CV-68-CWR-FKB

THE BOARD OF TRUSTEES OF MISSISSIPPI
STATE INSTITUTIONS OF HIGHER LEARNING;
THE UNIVERSITY OF MISSISSIPPI    DEFENDANTS

## ORDER

Pending before the Court is the defendants' motion to dismiss on the basis of Eleventh Amendment immunity. Docket No. 8. The plaintiff has responded, Docket No. 11, the defendants have replied, Docket No. 13, and the Court is ready to rule. The motion will be granted.

*I.    Factual and Procedural History*

Jane Doe filed her complaint in this Court on January 31, 2012. Docket No. 1. She alleged that the Board of Trustees of Mississippi State Institutions of Higher Learning and the University of Mississippi (together, "the defendants") were liable to her for certain grossly negligent acts and omissions that occurred on February 1 and 2, 2011. *Id.* at 2-11. She invoked federal jurisdiction on the basis of complete diversity of the parties and an amount in controversy exceeding $75,000. *Id.* at 2.

The defendants' joint motion to dismiss argues that they are agencies or institutions of the State of Mississippi that have not consented to defend against Doe's claims in federal court. Docket No. 9, at 3-4 (quoting Miss. Code. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.")). As such, they contend that this Court lacks subject matter jurisdiction. *Id.* at 5.

Doe concedes that the defendants' non-consent to federal jurisdiction means her suit must be dismissed and re-filed in state court. Docket No. 11. She refuses to voluntarily dismiss her suit, though, "because a voluntary dismissal may act as a bar to the statute of limitations which has already expired." Docket No. 12, at 3. She asks this Court to grant her 14 days to re-file her suit in the Circuit Court of Lafayette County, pointing to Mississippi's savings statute and a case in which United States District Judge Pepper gave the plaintiffs 90 days to re-file their state law claims

in state court. *Id.*; *see* Miss. Code § 15-1-69; *Gray v. Tunica County, Mississippi*, 279 F. Supp. 2d 789, 799 (N.D. Miss. 2003).

The defendants respond that they are "not aware of any rule of federal procedure that would permit this Court to toll the one-year statute of limitations for an action brought pursuant to the Mississippi Tort Claims Act." Docket No. 13, at 1. They challenge Doe's interpretation of the Tort Claims Act and Mississippi's savings statute. *Id.* at 2. Regarding Judge Pepper's decision in *Gray*, the defendants respectfully "find no authority to support the ruling." *Id.*

## II. Discussion

"'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. 506, 514 (1868)).

Here, the parties agree that this Court lacks subject matter jurisdiction over Doe's claims. Her claims will be dismissed without prejudice.

The parties dispute this Court's authority to grant Doe 14 days to re-file her suit in state court and toll the statute of limitations. This Court is often called upon to interpret and apply Mississippi law. *E.g.*, *Ramirez v. L-3 Communications Vertex Aerospace, LLC*, No. 3:11-cv-297, 2012 WL 1033497, *2-3 (S.D. Miss. Mar. 27, 2012) (interpreting Mississippi law); *Hankins v. Ford Motor Co.*, No. 3:08-cv-639, 2011 WL 6180410, *1-6 (S.D. Miss. Dec. 13, 2011) (same). But it does so only when it has jurisdiction. If the Court lacks jurisdiction, its Orders are voidable. *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *see Henderson v. Shinseki*, 131 S. Ct. 1197, 1202 (2011) ("if the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted.").

Because federal jurisdiction is lacking in our case, this Court cannot grant Doe any meaningful relief with regard to her statute of limitations. Her arguments – some explicit, some implied – that she acted in good faith filing in federal court, that the defendants have not been prejudiced by the brief delay, and that she otherwise deserves tolling of the limitations period, are all issues for a state court of competent jurisdiction to hear and resolve.

Finally, in *Gray*, the federal court properly had subject matter jurisdiction because the plaintiffs made a claim pursuant to 42 U.S.C. § 1983. *Gray*, 279 F. Supp. 2d at 791. When that

2

court granted the defendants' motion for summary judgment and dismissed that federal cause of action, it declined to exercise supplemental jurisdiction over the plaintiffs' separate state law claims, and allowed them to be re-filed in state court. *Id.* That situation is materially different from our own.

## III. *Conclusion*

The defendants' motion to dismiss is granted. This case is dismissed without prejudice. A separate Final Judgment will issue.

SO ORDERED, this the 5th day of April, 2012.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE